# Vandyke *versus* Wells and Wife.

1. A married woman has no power to bind herself by a bond for borrowed money. That the money was borrowed for and applied to the improvement of her separate real estate, is immaterial. A sheriff's sale of her said real estate under a judgment entered upon such a bond, by virtue of a warrant of attorney therein contained, does not pass her title thereto to the purchaser.

2. A., a married woman, executed with her husband a conveyance of certain land whereof she was seised, to B. Two days afterwards, B. executed articles of agreement, whereby it was agreed that B. should advance $3,000, to be used in erecting a mill on the land, and that he should reconvey the land to A., on payment of said sum. Several months afterwards A. and her husband executed a bond and mortgage of the land to B. for $5,757.28, which sum had been borrowed from him. Both these instruments recited the former transactions and the intent of the parties to consider them as a mortgage. Attached to the bond was an agreement by B. that if there should be a sale under the mortgage, and B should receive all the money arising therefrom, he would release A. and her husband from all liability upon the bond. B. afterwards entered up judgment on the bond by virtue of the warrant of attorney therein contained, issued execution on said judgment, and levied on the lot of ground in question. At the sheriff's sale, B. bought in the lot, and exchanged receipts with the sheriff for the purchase money. ,B. subsequently issued a scire facias upon the mortgage accompanying the bond, to which the defendants filed an affidavit of defence, setting out the foregoing facts:

*Held*, that the bond of A., a married woman, being void, the sale under the judgment obtained thereon was without force or effect, and did not avail to divest her title, and that therefore the foregoing facts constituted no defence to the scire facias sur mortgage.

3. The only case in which a married woman may bind herself by bond is to secure the purchase money of real estate purchased by her, and in that case the bond, or a judgment obtained thereon, affects only the real estate so purchased by her, and not her other lands or her personalty.

March 15th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas of *Bradford county :* Of January Term, 1883, No. 314.

This was a scire facias sur mortgage, issued February 13th 1879, wherein G. H. Vandyke to the use of James Vandyke was plaintiff, and Charles Wells and Amelia Wells his wife, were defendants. The mortgage in suit was given and executed by the said Charles Wells and Amelia Wells his wife, to the said G. H. Vandyke, dated July 3d 1873, reciting the terms of a certain bond and warrant of attorney, of even date therewith, given and executed by said Charles Wells and Amelia Wells his wife, to said G. H. Vandyke, in the penal sum of $11,514, to secure the payment of the sum of $5,757.28, in installments as therein set forth, and conveying in mortgage a certain lot or

7 OUTERBRIDGE.—4

piece of land situated in the township of Ulster, Bradford county. Said mortgage was duly acknowledged and recorded on the day of its date.

The said defendants filed the following affidavit of defence, and copy of bond:

"That the scire facias in this case is issued upon a mortgage dated the third day of July, A. D. 1873 and recorded the same day, that the said mortgage, was for the sum of $11,514.00 and given to secure the payment of the just sum of $5,757.28, which said sum was borrowed by said defendants of G. H. Vandyke, mortgagee in said mortgage; that said mortgage was a first lien upon certain lands therein fully described; that said money was loaned upon a bond accompanying said mortgage and bearing even date therewith, a copy of which bond is filed in this case, and is herewith shown the court; that said bond contained a confession of judgment and was filed of record in said court and judgment entered thereon April 27th 1874, and a fi. fa. issued on the same, and a levy of all the defendants' real estate was taken thereon; that afterwards, to wit, January 7th 1876, a vend. ex. was issued by said G. H. Vandyke, the holder of said bond and mortgage, in the judgment in said bond and defendants' lands and premises described in said mortgage, were sold at sheriff's sale February 3d 1876 and purchased by said G. H. Vandyke, mortgagee and payee in said bond for the sum of $4,000—the whole of said sum of $4,000 being received by said Vandyke after expenses of said sale were taken out, and was applied as a payment on said bond and mortgage, and the possession of said premises became vested in said G. H. Vandyke, mortgagee, by said sale, he, the said G. H. Vandyke, having obtained possession shortly after said sale, and continues to have said possession to the present time, as your affiants are informed; that said Amelia Wells, one of your affiants, was the owner of said lands in her own right and the title of the same in her.

"That said G. H. Vandyke, the payee in said bond, by an agreement in writing attached to said bond and signed by the said G. H. Vandyke at the same time said defendants executed said bond and mortgage, and for a valuable consideration, agreed in the event of a sale of the said premises upon said mortgage bearing even date with said bond, which premises are fully described in said mortgage, and in the event of said G. H. Vandyke receiving all of the money arising from said sale, to release the said payors therein from the further payment of any sum remaining due or unpaid upon said bond; that by said sale aforesaid the said G. H. Vandyke did receive the full proceeds of said sale, and by the terms of his agreement aforesaid, said bond and mortgage became extinguished

[Vandyke *v.* Wells.]

and void in law and fact, wherefore the said defendants would become greatly injured if said plaintiff was allowed to obtain judgment in said scire facias.

That said bond was assigned to James Vandyke Nov. 27th 1878, being after said sale, and after the rights of the parties had become vested and the equities fixed : That said mortgage does not appear to be assigned to said James Vandyke by anything appearing of record further than above specified. All which the defendants expect to be able to prove upon the trial of said cause.

> " CHARLES WELLS,
> " AMELIA WELLS."

## BOND.

" Know all men by these presents, That we, Charles Wells and Amelia Wells, of the township of Ulster, county of Bradford and States of Pennsylvania, are held and firmly bound unto G. H. Vandyke, of the same place, in the sum of eleven thousand five hundred and fourteen dollars lawful money of the United States, to be paid to the said G. H. Vandyke or his certain attorney, executors, administrators or assigns, to the which payment well and truly to be made and done, we do bind ourselves and our heirs, executors and administrators, and every of them, firmly by these presents; sealed with our seals and dated the third day of July, A. D. 1873. The condition of this obligation is such : First, that if the above bound Charles Wells and Amelia Wells, their executors, administrators or any of them, shall and do well and truly pay or cause to be paid unto the above named G. H. Vandyke, his executors, administrators or assigns, the just and full sum of one thousand eight hundred and fifty-seven and twenty-eight one-hundredths dollars, lawful money aforesaid in manner following: that is to say, one hundred and fifty and eighty-seven one-hundredths dollars in ninety days from date hereof, three hundred and fifteen dollars and interest on the same from the date hereof before the first day of May next; three hundred and eighteen and twenty-six one-hundredths dollars on the first day of September, A. D. 1874 ; three hundred and thirteen and sixty one-hundredths dollars on the first day of September, 1875 ; three hundred and seven and forty one-hundredths dollars on the first day of September, 1876, and seventy-two and sixty-one one-hundredths dollars and interest on the same from the date hereof on the first day of July 1874, and three hundred and seventy-eight and twenty one-hundredths dollars on the first of March 1878, with interest on said last payment hereinbefore mentioned, from the first day of September next; and it is further agreed that, WHEREAS, On the twenty-fifth day of September, 1872, the said Amelia Wells and Charles Wells by

[Vandyke *v.* Wells.]

deeds recorded in Bradford county records, as per deeds in deed book No. 114, page 450, etc., recorded on the 20th day of February, 1873, conveyed to the said G. H. Vandyke the piece of land in said township of Ulster, fully described in the above recited deed, and whereas, the said G. H. Vandyke, by articles of agreement dated the twenty-seventh day of September, 1872, agreed with the said Amelia and Charles Wells in said contract as follows, to wit : Whereas, the said party of the first part, (viz : G. H. Vandyke), has taken a conveyance of the said parties of the second part, (viz ; Amelia Wells and Charles Wells), of the above described premises, (being the premises described in mortgage bearing even date herewith), in consideration that the said party of the first part shall make advances to the said parties of the second part, for the purpose of building a Grist Mill on said premises, said advancements to be made and furnished by the said party of the first part as required and necessary in the construction of said mill to the amount of $3,000, and to be repaid by the said parties of the second part within five years from the first day of March next, and when the said advancements are fully paid to the first party, he is then to reconvey to the said parties of the second part, &c." ; and whereas it is understood by the parties to the above recited deed and contract, that the said deed and contract constitute a mortgage conditioned for the payment of the just sum of three thousand dollars, with interest thereon, to the said G. H. Vandyke, by the said Amelia Wells and Charles Wells, as therein recited.   Now, for the purposes of fully carrying out said deed and contract, and for the purpose of securing the payment of the interest accrued upon the said three thousand dollars, from the first day of March 1874, and annually thereafter, the said parties of the first part herein in consideration of the said party of the second part promising to make to said parties of the first part a further loan of money, as well as for the consideration hereinafter expressed, that said interest and said sum of $3,000 shall be made a part of this bond, viz : the sum of nine hundred dollars, and shall be paid as follows, viz : one hundred and fifty dollars on the first day of March, A. D. 1874, 1875, 1876, 1877 and 1878, being the interest accruing on the said three thousand dollars.

"It is further agreed by the said parties of the first part herein, that for the consideration hereinafter expressed, that they the said parties of the first part herein, will keep the mill now erected on said premises, fully described in mortgage, bearing even date herewith, insured against loss by fire, &c., in the sum of three thousand dollars, in insurance companies that are reliable, and which are to be designated by the said party of the second part herein, and the loss if any, is to be made pay-

[Vandyke *v.* Wells.]

able to G. H. Vandyke, his heirs and assigns, and so set forth in the policy of insurance, and in the event of said parties of the first part neglecting to keep said mill so insured in the sum of $3,000 payable as aforesaid, then the money on this mortgage unpaid, and the money due and payable on said recited contract of the 27th of September, 1872, viz: the three thousand dollars aforesaid, it is all to become due and collectible without fraud or further delay, then this obligation to be void or else to be and remain in full force and virtue.

"And further, I do hereby empower any attorney of any of the courts of record of this State or elsewhere, to appear for me, and after one or more declarations filed for the above penalty, thereupon to confess judgment or judgments against us or either of us, as of the first, next or any subsequent term without stay of execution, and with a release of all errors. Signed sealed and delivered,

in presence of                    "AMELIA WELLS, [Seal.]
     "WM. S. VINCENT."        "CHARLES WELLS, [Seal.]


G. H. Vandyke, the payee in the within bond, agrees in the event of a sale of the premises, upon the mortgage bearing even date herewith, which premises are fully described in said mortgage, and in the event of the said G. H. Vandyke receiving all of the money arising from said sale, to release the said payors herein, from the further payment of any sum which may remain due and unpaid on this bond.

July 3, 1873.                        G. H. VANDYKE.


The plaintiff thereupon took a rule to show cause why judgment should not be entered in his favor for want of a sufficient affidavit of defence, which rule the court, after argument, discharged, MORROW, P. J., filing the following opinion:


"Where a conveyance is made to a married woman, and she and her husband give a bond and mortgage to secure the payment of the purchase money, such bond and mortgage are valid against the wife as to the land so conveyed; and if judgment is entered on the bond by virtue of a confession contained in it, a sheriff's sale on such judgment transfers her title to the purchaser. This is a well settled rule of law in Pennsylvania: Shnyder *v.* Noble, 13 Norris 286. In this case it was said "a bond secured by mortgage is part of the mortgage, and must be regarded as one or more of the conditions of that instrument put, for the sake of convenience and more ready enforcement, into the shape of a bond." It was true this was said in a case of purchase money for land—the only case in which a married woman can bind herself by bond—but where she borrows money

[Vandyke *v.* Wells.]

to improve her own estate, or to secure money loaned to her husband, or for the payment of his debts, her bond and mortgage are valid, and they form one instrument or obligation as much as if given for purchase money, and I am unable to see why her confession or judgment in the bond is not equally valid. A judgment entered upon it would be a lien only on the land described in the mortgage—that is, no other land belonging to her, would be bound by it, and a sale, made under such judgment, would convey all the interest that a sale would, on the mortgage, for the reason that "the bond secured by the mortgage is a part of the mortgage," and if suit could be maintained on the bond, I see no want of power, on her part, to give a valid warrant of attorney; and as Judge GORDON said, in the case already referred to, "we cannot understand why such conditions may not be enforced as well when contained in the bond as when written in the mortgage itself." The mortgage was given to better secure the payment of the bond, and the power to confess judgment was no greater exercise of power than to obligate herself to pay money. I have been of this opinion for years, and although some doubt has been raised by the individual expression of opinion by some of the judges of the Supreme Court, I do not understand that court to have decided different from what is here indicated, and I think their ruling in the distribution of the fund, raised by the sale mentioned in the affidavit of defence is a substantial determination of the validity of the sale on the judgment entered against Wells and wife on the bond, secured by the mortgage in this suit. At least, it is my opinion that such sale vested in G. H. Vandyke, all the title that Wells and wife had in the land, and hence this proceeding on the mortgage is unnecessary.

"Rule discharged."

The plaintiff thereupon took this writ of error, assigning for error the order of the court discharging said rule for judgment for want of a sufficient affidavit of defence.

*John F. Sanderson* (with him *Edward Overton, Jr.*), for the plaintiff in error.—This proceeding upon the mortgage originated from the defendants making claim to the property, they alleging the sale on the bond to be void, and is for the purpose of quieting the title by a sale upon the mortgage, or by a decision of this court that the sale under the judgment is valid. The question is whether the voluntary confession of judgment by a married woman contained in the joint bond of herself and husband, which accompanies her mortgage of her real estate, for borrowed money, duly executed, is valid, as against the mortgaged premises, so as to sustain a sheriff's sale

[Vandyke *v.* Wells.]

upon execution issued upon such judgment. The agreement of Mr. Vandyke to release the bond upon a sale of the mortgaged premises upon the mortgage, will not of course be held to discharge the debt, if the sale upon the bond was not a valid sale. If the sale upon the bond was valid, it is conceded that no judgment can be rendered for the plaintiff. No decision of this court has been found which rules this case. The judgment upon the bond cannot be sustained merely because the confession of judgment is the joint confession of husband and wife. Such confession is of no validity as to the wife : Shallcross *v.* Smith, 31 P. F. Smith 132 ; Keiper *v.* Helfricker, 6 Wright 325. Nor can it be sustained merely because the married woman might be compelled by resort to an appropriate remedy to pay the debt : Keiper *v.* Helfricker, 6 Wright 325. A judgment in a personal action can be obtained against a married woman only for necessaries contracted for by herself, or in some of the cases enumerated in the Act of Assembly, and the facts to fix her liability must affirmatively appear on the record, otherwise the judgment is void : Huguss *v.* Dithridge Glass Co., 15 Norris 160 ; Hecker *v.* Haak, 7 Norris 238 ; Steinman *v.* Henderson, 13 Norris 313 ; Schriffer *v.* Saum, 31 P. F. Smith 385. It is said in the following cases that a married woman's confession of judgment is void except in the single case of a debt for purchase-money of land, and then valid only as against the land purchased : Brunner's Appeal, 11 Wright 67 ; Quinn's Appeal, 5 Norris 447 ; Shnyder *v.* Noble, 13 Norris 286 ; Glass *v.* Warwick, 4 Wright 140. The cases settling the liability in the present instance are Patterson *v.* Robinson, 1 Casey 81 ; Ramborger *v.* Ingraham, 2 Wright 146. In the first case the ruling is put upon the principle, that as a married woman has power to purchase, her application to deprive the creditor of his security for the purchase-money, could not be granted as to the lands purchased. In the second case it was put upon the ground that the conveyance and the lien for the unpaid purchase-money, are one transaction, and both benefit and burden must be treated as valid. Other grounds on which these cases are based have been denied, and Judge STRONG, in Brunner's Appeal, 11 Wright 67, after criticising these cases, said : "It matters not whence comes her power to bind land which she has purchased by confessing a judgment. It is enough that it is settled that she has power to confess a judgment in this one case." In Schlosser's Appeal, 8 P. F. Smith 493, Judge SHARSWOOD said : "The cases which permit a married woman to bind her separate property, are exceptions to a general rule of sound policy, and ought to be strictly confined within the limits prescribed. If we begin to reason on the abstract justice of making her property answerable for her honest debts, the exceptions will soon eat out the rule itself."

[Vandyke *v.* Wells.]

The recent decisions of this court upon the powers and liabilities of married women indicate a conservative tendency, and display keen discrimination in sustaining the just powers of married women, without extending them in opposition to the general policy.   They show that the disposition of this court is to look at the substance of the transaction and to further the remedy where the power or liability is unquestionable :   Rose *v.* Latshaw, 9 Norris 238 ; Brown's Appeal, 13 Norris 362 ; Dando's Appeal, 13 Norris 76 ; Fryer *v.* Rishell, 3 Norris 521 ; Daubert *v.* Eckert, 13 Norris 255 ; Steinman *v.* Henderson, 13 Norris 313.

The principle upon which the validity of the judgment on the bond in this case may be sustained, may be stated as follows :   The bond and mortgage arise out of one transaction, evidence one contract, and constitute substantially one instrument.   The confession of judgment is in furtherance of the remedy for the collection of the mortgage, is in recognition of a liability which the law has imposed in the creation of the pledge which has been made in the exercise of an undoubted legal right, and has the effect to enable the creditor to accomplish amicably and with little expense the same result which otherwise must be reached by adverse and more expensive process. At the same time, no advantage has been gained to the prejudice of the woman's right for the judgment by confession is at all times subject to the control of the court.

A distinction must be taken between stipulations in a mortgage which are contractual and those which are remedial merely. A married woman cannot contract under the form of a mortgage so as to bind herself in matters with reference to which she is incapable of contracting, so as to subject herself to forbidden liabilities :  Wolbach *v.* Build'g Asso., 3 Norris 211.   A bond and mortgage constitutes one instrument.   Shnyder *v.* Noble, 13 Norris 286.   A married woman may stipulate in a mortgage that, on failure to pay the interest annually, the principal may be enforced :  Glass *v.* Warwick, 4 Wright 140.   She may stipulate for the issue of a scire facias thereon immediately on default :   Black *v.* Galway, 12 Harris 18.   She may convey her land by agent authorized by a power of attorney duly executed and acknowledged :  Fulweiler *v.* Baugher, 15 S. & R. 45.   And may, with her husband, enter into an amicable confession of judgment of revival by scire facias :   Brunner's Appeal, 11 Wright 67 ; McCullough *v.* Wilson, 9 Harris 436. The reasoning upon which these cases are based is that what the married woman may do directly, she may do indirectly : that power to convey includes the power to convey upon condition, and power to convey upon condition implies power to prescribe the terms ; that the creation of a power of sale in an

[Vandyke *v.* Wells.]

agent or creditor, which is permitted, implies a right to vest the same authority in officers of the law, through legal forms, and that she should be permitted to do that voluntarily in furtherance of remedy, which she is legally bound to submit to, and which creates no new liability.

Judgment in this case against the defendant should be for the mortgage debt, with interest, without abatement by reason of the bid made by the purchaser at sheriff's sale upon the bond. The defendants cannot be permitted to redeem the land without payment of the full amount of the mortgage debt: Evans *v.* Meylert, 7 Harris 402.

*R. A. Mercur* and *H. N. Williams* (*E. J. Angle*, with them), for the defendants in error.—The plaintiff in error, indifferent as to whether the judgment is affirmed or reversed, seeks to have an abstract question of law decided, in advance, on a rule for judgment for want of a sufficient affidavit of defence, and has presented arguments and authorities on both sides of the question. The only question now is, was the case, as presented in the affidavit of defence, a proper one to be sent to a jury. The position of Amelia Wells at each stage of the transaction must be regarded. Prior to July 2d 1873, she could clearly have avoided her agreement of September 1872. But the only consideration for the mortgage, of July 3d 1873, was a past consideration, and a married woman cannot enlarge her contractual powers by mortgage (except for purchase money of real estate), so as to subject herself to forbidden liabilities: Wolbach *v.* Building Ass'n, 3 Nor. 214; Schlosser's Appeal, 8 P. F. S. 493.

Mr. Justice GREEN delivered the opinion of the court, April 9th 1883.

In this case a judgment was entered on a bond and warrant, against a married woman. The real estate of the wife was sold upon execution on this judgment, and purchased by the plaintiff in the judgment. Subsequently a scire facias was issued against the wife and her husband, on the mortgage, which was given with the bond to secure its payment. Against this scire facias the defendants interpose an affidavit of defence alleging that the bond and mortgage were given to secure the payment of $5,757.28 borrowed by the defendants from the mortgagee, that the money was loaned upon a bond accompanying the mortgage and bearing the same date, a copy of the bond being annexed, that it contained a clause authorizing the entry of judgment, upon which judgment was entered, execution issued and the land described in the mortgage was sold to the mortgagee for $4,000, the said sum being received by the mortgagee

less the expenses of sale. The affidavit further alleged that the mortgagee by an agreement attached to the bond and signed by him, agreed that in the event of a sale of the premises upon the mortgage, and of the mortgagee's receiving all of the money arising from the sale, he would release the payers of the bond from the further payment of any sum remaining due upon the bond; that the mortgagee did receive the full proceeds of the sale and therefore the bond and mortgage became extinguished and void.

So far as the effect of this annexed agreement is concerned we do not see how it can operate as a defence to this action, for the reason that it was only to become effective in the event of a sale *upon the mortgage.* There has never been a sale upon the mortgage, and hence, literally, the agreement to release has no operation. Of course if a sale upon the judgment entered on the bond had the same legal effect in divesting the title of the mortgagors as a sale upon the mortgage, it could be argued with great, and possibly with controlling force, that the remander of the debt was extinguished by force of the provision for a release. But we are very clearly of opinion that the sale under the judgment had no such effect. It was a judgment against a married woman and her husband. It was good enough against the husband but it had no validity, against the wife, and the title to the land was in the wife. The title was somewhat curiously complicated by the fact that the wife and her husband had made a deed for the ground—about a quarter of an acre of land in the country—to the mortgagee, who in turn executed and delivered an agreement to the grantors, by which he undertook to reconvey the premises to them, upon their paying to him certain advances to the extent of $3,000 which he agreed to make, for the building of a mill upon the land. It was agreed between the parties that these papers should constitute a mortgage, and in the following year a mortgage was actually executed by Wells and wife to Vandyke, treating the title as in the wife. It was upon this mortgage the present writ of scire facias was issued. The transaction therefore was, what the parties agreed in writing and under seal it should be, a bond and mortgage to secure the payment of a loan of money to the wife. On this bond the judgment was entered, on which execution was issued and the premises sold as set out in the affidavit of defence.

That such a judgment, as against a married woman is absolutely void, has been so frequently decided, and upon such sufficient reasons, that a prolonged discussion of the subject is entirely unnecessary. The circumstance that the money borrowed was obtained for the improvement of the land of Mrs. Wells is of no consequence. It was, nevertheless, a loan of

[Vandyke v. Wells.]

money for which the bond was given, and that fact avoids it without any regard to the use to which the money was put. Thus in Keiper v. Helfricker, 6 Wr. 325, it was held that where a married woman gave a judgment bond to one who advanced her money, to be applied, at the time, for the purchase of real estate by her, for her sole and separate use, and which was in fact so applied, the bond so given was void and could not be enforced against her separate estate. READ, J., on p. 329 said, " The bond and warrant of attorney being those of a married woman, were absolutely void, and, of course, the judgment upon the bond was a nullity as against her." He further said that the bond, warrant and judgment " would not be good even though given for debts contracted before marriage, or for necessaries for the support and maintenance of her family." This was directly held in the case of Glyde v. Keister, 8 Cas. 85, and in Caldwell v. Walters, 6 Harr. 79, it was held that not only was the bond and warrant void as to the wife, but that a sale of her real estate upon the judgment entered on the bond, and the purchase of it during coverture by the plaintiff in the judgment, did not divest her title. These cases have never been departed from. The case of a bond given by a married woman directly for the payment of purchase money of real estate conveyed to her as a part of the same transaction, is the one exceptional case, in which the instrument is treated as valid and made effective against the land sold, but no further : Patterson v. Robinson, 1 Cas. 81 ; Ramborger v. Ingraham, 2 Wright 146. The reasoning of those cases is perfectly familiar to the profession, and it is unnecessary to repeat it here. In Brunner's Appeal, 11 Wright 67, we held that a judgment given by a married woman for a debt contracted for the improvement of her real estate is void. STRONG, J., on p. 73, said that the judgment bond given by a married woman for the purchase money of real estate was the single exception to the rule of invalidity, admitted in this state : and on p. 75 he said that had the land of the wife in that case been sold upon the judgment no title would have passed. Our brother TRUNKEY, in delivering the opinion of this court in Hecker v. Haak, 7 Norris on p. 242, said, " She cannot give a valid warrant of attorney to confess judgment, even for a debt contracted by herself for necessaries used by herself and family. A judgment on such warrant, though in legal contemplation the judgment of the court, is a nonentity. The only exception is where the warrant and judgment are for purchase money of real estate conveyed to her, which may be enforced against the land itself, but not against her other lands or goods." He also held that a sale of the wife's land upon a void judgment was a nullity and passed no title. In Quinn's Appeal, 5 Norr. 447, WOODWARD, J., said on p. 452,

[Hollenback *v*. Clapp.]

" A: judgment confessed by a married woman can be enforced in the single instance where, when a conveyance is made to her, it forms part of an agreement under which she takes land subject to the condition that she shall pay its price." The case of Shnyder *v*. Noble, 13 Norr. 286, upon which the learned judge of the court below ruled this case for the defendants, is no exception to the rule. There the bond was given directly for purchase money of land conveyed to the wife. There was also a mortgage to secure the bond, and both instruments were executed by the husband and wife. It is true the action was debt on the bond, and it was held that the circumstance that there was no warrant of attorney, and confession of judgment, did not affect the case. It was the bond, or rather the contracting power to make the bond, that gave validity to the warrant, and not the power to make the warrant that gave validity to the bond. Judge GORDON said what had been so often said before, that the bond " still would remain a bond for purchase money, the single and only case in which a married woman has power to execute such an instrument." Whether the peculiar conditions of the transaction were incorporated in the bond or in the mortgage made no difference, since both were given for the same purpose. In no respect was this case intended to change the existing law. It remains as before. Entertaining these views, we are of opinion that the learned judge of the court below was in error in refusing judgment under the rule for that purpose, and the case must, therefore, be reversed.

Order discharging rule reversed and procedendo awarded.