## G. H. Van Dyke, Plff. in Err., *v.* Charles Wells and Amelia Wells, His Wife.

A married woman has no power to bind herself by a bond for borrowed money. That the money was borrowed for and applied to the improvement of her separate real estate is immaterial. A sheriff's sale of her said real estate under a judgment entered upon such a bond, by virtue of a warrant of attorney therein contained, does not pass her title thereto to the purchaser. Van Dyke v. Wells, 103 Pa. 49, Reaffirmed.

In case a judgment has been entered upon a married woman's bond which was given to secure a mortgage of her real estate, the facts that a motion to open the judgment upon the ground of coverture was overruled by the court; that an inquisition was held and the land extended; that she accepted the extension and remained in possession of the land; and that it was subsequently sold on execution,—do not estop her from recovering it in an action of ejectment.

(Decided March 29, 1886.)

Error to the Common Pleas of Bradford County to review a judgment for plaintiffs in an action of ejectment. Affirmed.

The history and facts of the case appear in the following ex-

NOTE.—Married women had the power to mortgage their real estate prior to the enabling acts of June 3, 1887, and June 8, 1893. Daubert v. Eckert, 94 Pa. 255; Vandyke v. Wells, 103 Pa. 49. This was true though given for an indebtedness of the husband (Gable v. Breitsch [Pa.] 4 Cent. Rep. 459, 7 Atl. 52), or a stranger (Hagenbuch v. Phillips, 112 Pa. 284, 3 Atl. 788). But judgment bonds of a married woman were invalid (Vandyke v. Wells, 103 Pa. 49), and a sheriff's sale thereon is void (Prinkey v. Murray, 15 W. N. C. 391) unless the judgment was confessed to secure purchase money

tract from the charge given by MORROW, P. J., in the court below:

This is an action of ejectment brought by Charles Wells and Amelia Wells, his wife, to the use of Amelia Wells, against G. H. Van Dyke, to recover ¼ of an acre of land in Ulster township. The undisputed evidence shows that A. G. Mason conveyed the land in dispute to Mrs. Wells, April 4, 1872. There were no improvements on the land when she became the owner by that deed. On the 27th of September, 1872, she and her husband conveyed this land to G. H. Van Dyke, and he gave back a contract agreeing to reconvey to Mrs. Wells not less than one fifth, and to Charles Wells four fifths, unless otherwise agreed between them, when the money to be advanced by Van Dyke was repaid to him.

When Van Dyke took the deed from Mrs. Wells and her husband he agreed to reconvey when he, Van Dyke, was repaid $3,000, which he agreed to advance to them for the purpose of erecting a grist mill on this land. He did advance $3,000 to them; and, in addition to that sum, he advanced $1,857.28, unless that is liable to a small deduction for usury. And on the 3d of July, 1873, he took a bond and mortgage from Wells and wife to secure the payment to him of the $3,000 and $1,857.28, making $4,857.28.

Payments were to be made in instalments and to run several years. The mortgage was recorded and judgment was entered on the bond April 27, 1874, for $11,514, conditioned for the payment of $1,857.28 and some additional sums mentioned in the bond. An execution was issued April 27, 1874; this land was levied on, and there was an inquisition held October 19, 1874, and the land was extended at $900 a year, and Mrs. Wells gave notice that she would retain the land under this extension.

of real estate, in which case the land was bound, though the obligation was not personal. Patterson v. Robinson, 25 Pa. 81; Hamilton v. Baum (Pa.) 4 Cent. Rep. 708, 6 Atl. 222, 3 Sad. Rep. 150. But, since the acts of June 3, 1887, and June 8, 1893, a married woman's judgment is valid, unless it be given for a debt for which she was not liable. Adams v. Grey, 154 Pa. 258, 26 Atl. 423; Latrobe Bldg. & L. Asso. v. Fritz, 152 Pa. 224, 25 Atl. 558; Abell v. Chaffee, 154 Pa. 254, 26 Atl. 364.

The additional question raised in VANDYKE v. WELLS deals with the effect in a subsequent proceeding upon the married woman's judgment of a refusal by the court to strike off the judgment because of coverture. Based on Quinn's Appeal, 86 Pa. 447, it is held not to be an adjudication, since such action was discretionary with the court, and no appeal lay therefrom. The act of April 4, 1877 (P. L. 53), now allows appeals in such cases.

I think you all understand what we mean by inquisition and extension. Where a person has not waived the right of inquisition in his judgment, and execution is issued, if the land is found by a sheriff's jury to be of sufficient value to pay all the judgments against the defendant, with interests and costs in seven years, then it is extended.

The jury must have found that $900 a year, that they fixed as the annual payment to be made on the extension, would have paid all the judgments against Mrs. Wells at that time. Mrs. Wells and her husband remained in possession, and on the 17th of June, 1875, paid $450, but no further payment was made by them, and an affidavit of nonpayment was filed, a *venditioni exponas* was issued, and under that this 1/4 of an acre of land was sold on the 3d of February, 1876, to G. H. Van Dyke, for the sum of $4,000; and on the 10th of February, 1876, the sheriff acknowledged and delivered to him this deed.

An auditor was appointed to make distribution of the $4,000; and the auditor held that the transaction, between Wells and his wife on the one side and Van Dyke on the other, when the land was conveyed to Van Dyke and when he gave back the contract and agreed to advance $3,000, constituted a mortgage of Mrs. Wells's land to Van Dyke. Although it purported to be a conveyance, the agreement to convey back constituted it a mortgage. The auditor applied $3,000 of the money to the payment of the amount secured in the contract, and the balance of about $900 he applied on the judgment on which the sale took place.

The distribution was excepted to in this court, the exceptions were dismissed, the case was carried to the supreme court and affirmed, and we think that that was a decision that we must follow to this extent,—that the conveyance of that land and the contract back, and the agreement to advance money, made that transaction a mortgage; and I hold Charles Wells had no interest in the land that was mortgaged by that arrangement, but that it was the title of Mrs. Wells alone that was mortgaged. The agreement to reconvey to him and her in such proportions as are mentioned in that contract did not, so far as these proceedings are concerned, give to Charles Wells any title or interest in that land. And the awarding of possession by the justice, under the sheriff's deed, did not give Van Dyke any right to go in under Charles Wells. It was not his property that was sold.

Prior to this sale, to wit, September 9, 1874, a rule was granted to open this judgment on the application of Mrs. Wells, for the reason, as stated in her application, that she was a married woman when she signed this bond, and claimed that the bond was void, although secured by a mortgage. Upon this rule depositions were taken, and this court, after consideration and without filing an opinion, as the record shows, discharged the rule.

It is now claimed that that application, in which Mrs. Wells declared herself to be the wife of Charles Wells, which the docket itself did not show, and the decision of the court thereupon, was what we call *res judicata,*—that is, a matter settled by the decision of a competent court. The mortgage was valid, and I thought at that time, that, where a bond and mortgage were given by a married woman, they constituted one security for the debt.

The mortgage was given to better secure the payment of the bond, and I have no doubt, although the record does not show it, that that was the reason why the court refused to open the judgment and allow her to make a defense on the ground of coverture. The mortgage was valid, and, if the mortgage and bond were security for the same debt, we thought they were both binding and valid.

Ever since the case of Caldwell v. Walters, 18 Pa. 79, 55 Am. Dec. 592, it has been well known that the bond of a married woman, and judgment thereon, and all proceedings under it, are absolutely void, except where the bond or obligation is given for the purchase money of land; but I was not aware that it had been held where a married woman gave a bond and also gave a mortgage, to better secure the payment of the bond, that the bond was a nullity; but in that I was mistaken.

The supreme court held that the bond of Amelia Wells to Van Dyke was a nullity; that the judgment and execution thereon were void; and that, therefore, the sale of the land on that execution was a nullity and transferred no title to Van Dyke. But, though the supreme court decided that the bond and judgment and execution and all proceedings under it were void, and that Van Dyke got no title, it compelled him to allow $4,000, the amount of his bid, upon his debt.

The supreme court held that a bond and mortgage given to secure a debt are two securities for the same debt; and that,

although this bond was a nullity, the mortgage is valid. Van Dyke did not proceed upon the mortgage, but proceeded upon the judgment entered upon the bond. But it is now urged on the part of the defendant that, as the record did not show that Mrs. Wells was a married woman until by her affidavit it was made to appear to the court, and she asked to have the judgment opened on that account, she is now estopped from taking advantage of her coverture, for the reason the court refused to open it.

The argument is that this court had jurisdiction and, having decreed against her and refused to open the judgment and allow her to make a defense, that it was an adjudication of the case; and that Van Dyke, purchasing under that judgment, is protected. I admit that this strikes my mind with great force. But in Quinn's Appeal, 86 Pa. 453, it is said, in a case of distribution, that "the judgment, after the discharge of the rule in that case, stood the same as it stood before, and had the same effect as if the rule had not been taken and discharged."

It is true that the rights of the parties there were fixed; and in this case Van Dyke purchased, no doubt, supposing the judgment of this court was valid against Mrs. Wells, as held by this court; and he had, we think, reason to suppose so.

But in Quinn's Appeal, although this is a case of distribution, and nothing seems to have been done under that judgment after the rule was discharged, the supreme court said: "It was further urged on the argument that the question of the validity of this judgment was settled by the determination which the common pleas made of the rule to open the judgment. It was said that the appellees were fully heard, and that they acquiesced in that determination. Certainly, they acquiesced. They could do nothing else. No appeal to this court was possible until the act of the 4th of April, 1877, was passed, and then the property had long been sold. . . . The judgment was void upon its face. The evidence on which it was found to have been for purchase money was before the auditor and is here in the record of this appeal. It was wholly inadequate to support the decision below, refusing to open the judgment; and that refusal left it in precisely its original position."

Dorrance v. Scott, 3 Whart. 309, 31 Am. Dec. 509, decided, not only that a judgment against a married woman was void, but that a judgment in a scire facias issued upon it was void as well.

In Caldwell v. Walters, 18 Pa. 79, 55 Am. Dec. 592, a married woman was permitted to maintain ejectment against a purchaser of her property at sheriff's sale, under a judgment which she had confessed.

The doctrine of these cases is, that a married woman's bond is void; that the revival of the judgment by scire facias is void; that an execution and sale under it is void; that the purchaser takes no title, and she may maintain ejectment for the land.

It is further claimed, upon the part of the defendant in this action, that the inquisition and extension of the property was an advantage to Mrs. Wells; and that her acceptance and election to remain in possession and pay the rental, and the approval of the matter by the court, was an adjudication and judicial determination of the matter; and that, therefore, she is now estopped from setting up her title to this land.

The trouble with these cases is that the supreme court has gone to the length of saying that a married woman's bond and judgment upon it and all proceedings under it are absolutely void; and that by her acts after judgment is entered she is not estopped. We hold, therefore, that, by reason of the bond and judgment being void, the sale was void. And we charge you that the determination by us not to allow the judgment to be opened, and the fact that the inquisition was held, the land extended, and the acceptance and remaining in possession by Mrs. Wells, does not estop her in her right to recover the land. Therefore, we say to you in this case that the plaintiff is entitled to recover this land, provided the jury find that the mortgage has been fully paid. If the mortgage has not been fully paid, then the plaintiff is not entitled to recover anything more than a conditional verdict.

The jury returned a verdict for defendant with the provision that, if plaintiff should pay to defendant $251.44 with interest and costs, within six months, this verdict to be set aside and judgment entered for plaintiff.

Final judgment having been entered for plaintiffs by order of the supreme court, the defendant brought error.

*Edward Overton, Jr.,* and *John F. Sanderson,* for plaintiff in error.—The judgment against Amelia Wells was regular on its face. It did not appear by the record that she was a *feme co-*

*vert.* The court could not have stricken it off on motion unless her coverture was admitted, and therefore a motion to open was the proper motion. Knox v. Flack, 22 Pa. 337.

The discharge of this rule was an adjudication of the motive upon which the relief was sought. Gordinier's Appeal, 89 Pa. 528; Frauenthal's Appeal, 100 Pa. 290; Pittsburgh, C. & St. L. R. Co. v. Marshall, 85 Pa. 191; Schenck's Appeal, 94 Pa. 37.

What was adjudicated in the judgment on which a sale was made cannot be relitigated in an ejectment founded on such a sale. Lewis v. Nenzel, 38 Pa. 222; Souter v. Baymore, 7 Pa. 417, 47 Am. Dec. 518; Darlington v. Gray, 5 Whart. 493; Bigelow, Estoppel, 28, 57; Doe v. Oliver, 2 Smith, Lead. Cas. 648; Broom, Legal Maxims, 131.

A judgment, sentence, or decree of a court of competent jurisdiction is conclusive evidence of every fact on which it must necessarily have been founded. Hamner v. Griffith, 1 Grant Cas. 193.

A judgment entered on a scire facias post annum et diem based upon a previous judgment that was void, or on one of which there is no record, is not void. Buehler v. Buffington, 43 Pa. 278.

In Jermon v. Lyon, 81 Pa. 107, it is decided that a judgment against a married woman, confessed in open court, where some of the counts in the declaration were good and some were not, passed the title to her land. It was her duty to have moved in the matter. By permitting the sale to be made and the deed to be acknowledged, without having taken a writ of error, she was estopped from questioning the sale.

If a husband and wife procure a person to purchase an invalid mortgage of her property, both are estopped from denying the validity of the mortgage. McCullough v. Wilson, 21 Pa. 436.

That interpretation of the law should be avoided which disturbs titles resting on the faith of judicial decisions. Taylor v. Young, 71 Pa. 81; Menges v. Dentler, 33 Pa. 495, 75 Am. Dec. 616; Wickersham v. Savage, 58 Pa. 365.

A party who acts in accordance with the law laid down by the highest tribunal of the state, while it is law, should not suffer because it is subsequently set aside. Geddes v. Brown, 5 Phila. 180; Delaney v. Gault, 30 Pa. 63.

If a defendant give in evidence as a judgment an award in

ejectment, he is afterwards estopped from reversing it on error. Martin v. Ives, 17 Serg. & R. 364.

When, after a decree of divorce, the wife brought replevin against her former husband, and recovered, it was held she was estopped from denying the validity of the decree of divorce. Baily v. Baily, 44 Pa. 274, 84 Am. Dec. 439.

The same principle is alluded to in Smith v. Jack, 2 Watts & S. 101; Elmes v. Elmes, 9 Pa. 166; Ullery v. Clark, 18 Pa. 148.

*H. N. Williams, E. J. Angle,* and *Rodney A. Mercur,* for defendants in error.—Is Amelia Wells, a *feme covert,* estopped from denying the validity of a sheriff's sale of her lands, on a judgment confessed in a bond by her, because she made affidavit alleging, *inter alia,* coverture, procured a rule to open the judgment and be let into a defense, and failed to open the judgment? The plaintiff claims she is estopped.

Prior to the act of April 4, 1877, the opening of a judgment was discretionary with the court, and there was no appeal. McClelland v. Pomeroy, 75 Pa. 412; Henry v. Brothers, 48 Pa. 70; Quinn's Appeal, 86 Pa. 453; Lamb's Appeal, 89 Pa. 407.

In Quinn's Appeal, WOODWARD, J., *inter alia,* says: "No appeal to this court was possible until the act of April 4, 1877, was passed, and then the property had long been sold."

So in this case the property had long been sold when this act was passed.

Prior to the act of 1877 the refusal to open a judgment did not estop one *sui juris.* Wistar v. McManes, 54 Pa. 318, 93 Am. Dec. 700.

A judgment confessed by a married woman is void, and the discharge by the court of a rule to open such a judgment is not such an adjudication as to exclude her from participation in a fund. Quinn's Appeal, 86 Pa. 447; Vandyke v. Wells, 103 Pa. 49–59; Pier v. Siegel, 107 Pa. 508; Leow's Estate, 6 W. N. C. 335; Dickey v. Montgomery, 1 Chester Co. Rep. 128.

Where there is no power in the party to make the contract or do the thing done, in the beginning of the contract, and the contract or thing done is void, then no subsequent act of the party will estop him from denying the validity of the first contract or act. Hence, an illegal contract cannot be made good by subsequent ratification or action. Shisler v. Vandyke, 92 Pa. 447, 37 Am. Rep. 702.

A minor cannot be held to his contract although he procured the contract by falsehood and artifice.    Stoolfoos v. Jenkins, 12 Serg. & R. 399 ; Schrader v. Decker, 9 Pa. 14, 49 Am. Dec. 538.

A *feme covert* may recover her land in ejectment, sold on her contract unacknowledged, although she has received purchase money thereon and induced valuable improvements to be put on the land.    The reason is, equity will not aid defects which are of the essence of the power, nor supply any defects by which the instrument is void in law.    Glidden v. Strupler, 52 Pa. 400 ; Christner v. Hochstetler, 16 W. N. C. 368.

Where the judgment against a *feme covert* was void it has been held that a judgment on a scire facias issued upon it is also void. Dorrance v. Scott, 3 Whart. 309, 31 Am. Dec. 509.

A title has been held unmarketable which was acquired at a sheriff's sale under an adversary judgment against the wife, because the declaration did not sufficiently disclose a legal cause of action against her.    Swayne v. Lyon, 67 Pa. 436.

Legal incapacity cannot be removed, even by fraudulent representations, so as to create an estoppel in the act to which the estoppel relates.    Innis v. Templeton, 95 Pa. 262, 40 Am. Rep. 643.

Acts and declarations sufficient to estop one *sui juris,* are insufficient to estop a *feme covert.*    Klein v. Caldwell, 91 Pa. 140 ; Davison's Appeal, 95 Pa. 397.

PER CURIAM :

This case in various forms has several times been before us. It is true the question has not always been the same.    We have now given all the facts presented a careful consideration, and re-examined the questions of law.    The legal position now urged was considered and decided in the case between these parties, 103 Pa. 49.

We are not willing to overrule nor reverse the law as there declared.    It therefore rules this case.

Judgment affirmed.